IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSE PETTAWAY,                    :

    Plaintiff,                   :

vs.                                :     CIVIL ACTION 03-0848-CB-B

LEONARD F. MIKUL,                  :

    Defendant.                   :


**REPORT AND RECOMMENDATION**


Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the federal claims be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and that the state-law claims be dismissed without prejudice.

**I.  Complaint (Doc. 1).**

Plaintiff alleges that on October 24, 2002, after his Rule 32 petition was denied by the Baldwin County Circuit Court, he gave oral notice of appeal and the judge appointed Daniel Mitchell to represent him on appeal.  At that time, Mitchell indicated that he would file a merit brief for

Plaintiff based on the denial of DNA evidence.  Plaintiff then returned to Fountain Correctional Center where he awaited contact from his attorney.    In May, 2003, Plaintiff received a letter from Defendant Mikul stating he had been appointed to represent Plaintiff on appeal but advised Plaintiff that he was not informed of the appointment until the 42-day appeal period had expired.  Then, in July, 2003, Plaintiff received an Order from the Alabama Court of Criminal Appeals dismissing his appeal as being untimely filed.

Plaintiff claims he has been denied effective assistance of counsel through no fault of his, but yet he has to bear the consequence.  Plaintiff also maintains that the outcome of his appeal would have been different if the performance of counsel had not been deficient.  Plaintiff further asserts that he has been deprived of his rights under the Fifth and Fourteenth Amendments and Article 1, Section 6 of the Constitution of Alabama.  For relief, Plaintiff requests the Court to grant an evidentiary hearing and to subpoena him as a witness in this matter.

Attached to the complaint as Exhibit A is a letter dated May 21, 2003, that was sent to Plaintiff from Defendant, in which was enclosed the Certificate of Dismissal from the Alabama Court of Criminal Appeals.  Exhibit B to the complaint

is the Certificate of Dismissal, entered on December 18, 2002,

which states that an oral notice of appeal is ineffective in a

Rule 32 proceeding, a written notice of appeal is required to

be filed within 42 days of the petition's denial, and the time

period for filing a written notice of appeal had expired.

## II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the

Court is reviewing Plaintiff's complaint under 28 U.S.C. §

1915(e)(2)(B).[1]   Under § 1915(e)(2)(B)(I), a claim may be

dismissed as "frivolous where it lacks an arguable basis in

law or fact."   Neitzke v. Williams, 490 U.S. 319, 325, 109

S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).   A claim is

frivolous as a matter of law where, *inter alia*, the defendants

are immune from suit, Id. at 327, 109 S.Ct. at 1833, the claim

seeks to enforce a right which clearly does not exist, Id., or

there is an affirmative defense that would defeat the claim,

such as the statute of limitations, Clark v. Georgia Pardons &

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).
Even though Congress made many substantive changes to §
1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the
frivolity and the failure to state a claim analysis contained
in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104
L.Ed.2d 338 (1989), was unaltered.   Bilal v. Driver, 251 F.3d
1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct.
624, 151 L.Ed.2d 545 (2001); Brown v. Bargery, 207 F.3d 863,
866 n.4 (6th Cir. 2000).   However, dismissal under §
1915(e)(2)(B) is now mandatory.   Bilal, 251 F.3d at 1348-49.

Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).   Judges

are accorded "not only the authority to dismiss [as frivolous]

a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual

contentions are clearly baseless."   Neitzke, 490 U.S. at 327,

109 S.Ct. at 1833.   Notwithstanding, a complaint may be

dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

state a claim upon which relief may be granted "only if it is

clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations."   Hishon

v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81

L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-

46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see* Mitchell v.

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that §

1915(e)(2)(B)(ii)'s language tracks the language of

Fed.R.Civ.P. 12(b)(6)).

## III.   Discussion.

Plaintiff has identified his action as arising under 42

U.S.C. § 1983 (Doc. 1).   In order to state a claim under §

1983, a plaintiff must establish:   "(1) . . . the conduct

complained of was committed by a person acting under color of

state law; and (2) . . . this conduct deprived a person of

rights, privileges, or immunities secured by the Constitution
or laws of the United States."  Parratt v. Taylor, 451 U.S.
527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981),
*overruled on other grounds by* Daniels v. Williams, 474 U.S.
327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); Harvey
v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  The law is
well established that in a § 1983 action, criminal defense
counsel, retained or court-appointed, does not act under color
of state law in the absence of a conspiracy.  Polk County v.
Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509
(1981) (public defender); Slavin v. Curry, 574 F.2d 1256, 1264
(5th Cir.) (retained counsel), *overruled on other grounds by*
Sparks v. Duval County Ranch Co.*,* 604 F.2d 976, 978 (5th Cir.
1979).[2]

In Polk County, a public defender, who was paid by the
State, was sued under § 1983 by his former client, an indigent
criminal defendant.  The Supreme Court reasoned that "[e]xcept
for the source of payment, [the] relationship [between criminal
defendant and defense counsel] is identical to that existing
between any other lawyer and client."  Id*.* at 318, 102 S.Ct. at

---

[2]The Eleventh Circuit in Bonner v. City of Prichard, 661
F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding
precedent the decisions of the former Fifth Circuit rendered
prior to October 1, 1981.

449.   The Polk County Court concluded that "[t]his

[relationship] is essentially a private function, traditionally

filled by retained counsel, for which state office and

authority are not needed."   Id. at 319, 102 S.Ct. at 450

(footnote omitted).   The Court determined that court-appointed,

criminal defense counsel carried out the traditional functions

of a lawyer representing a criminal defendant and therefore did

not act under color of state law.   Id. at 325, 102 S.Ct. at

453.   Thus, the Court ruled that the § 1983 complaint against

the public defender was to be dismissed for lack of state

action.   Id.

In the present action, Plaintiff has presented no

allegation that Defendant Mikul acts under color of state law,

nor is Defendant Mikul a defendant who typically acts under

color of state law.   Thus, Plaintiff has failed to state a

claim under § 1983.   *See* Medina v. Minerva, 907 F. Supp. 379,

382-83 (M.D. Fla. 1995) (finding the attorneys employed by

Capital Collateral Representative who represented the plaintiff

in state and federal habeas proceedings challenging his death

sentence did not act under color of state law because their

situation was analogous to a public defender); *cf.* Coleman v.

Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2567, 115 L.Ed.2d

640 (1991) (holding there is no constitutional right to

representation by an attorney in state post-conviction, collateral proceedings).

In addition to asserting violations of the United States Constitution, Plaintiff contends that Article 1, Section 6, of the Alabama Constitution of 1901 was violated.  Plaintiff appears to be arguing that he has state-law claims over which he wants this Court to exercise its supplemental jurisdiction. However, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."  28 U.S.C. § 1367(c)(3).  As the undersigned is recommending that Plaintiff's purported federal claims be dismissed for failure to state a claim; it is likewise recommended that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state-law claims.  Raney v. Allstate Ins. Co., 379 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that the federal claims be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §

1915(e)(2)(B)(I) and that the state-law claims be dismissed without prejudice.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **26th day** of **September, 2005**.

/S/ Sonja F. Bivins
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing

party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   **DONE** this the **26th day** of **September, 2005**.

                                   /s/Sonja F. Bivins
                                   **UNITED STATES MAGISTRATE JUDGE**